**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Jefferies,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-02381-PHX-MTL<br><br>**ORDER** |

At issue is the partial denial of Plaintiff Maria Jefferies's Application for a Period of Disability and Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, Pl. Br.), Defendant SSA Commissioner's Motion to Remand (Doc. 15, Mot.), and Plaintiff's Response (Doc. 16, Resp.). The Court has reviewed the briefs and the Administrative Record (Doc. 12, R.) and now reverses the Administrative Law Judge's ("ALJ") decision and remands Plaintiff's claim for computation of benefits.

**I.    BACKGROUND**

This case has a lengthy procedural background that spans more than six years. On April 8, 2014, Plaintiff filed an Application for a Period of Disability and Disability Insurance Benefits, alleging an onset date of April 1, 2013. (R. at 2579.) The SSA denied Plaintiff's claim initially and on reconsideration. (*Id.*) Plaintiff then appeared at a hearing

before an ALJ. (R. at 81–101.) On September 24, 2015, the ALJ denied Plaintiff's claim. (R. at 199–228.) On May 3, 2016, the Appeals Council remanded Plaintiff's claim. (R. at 229–33.) Plaintiff then appeared and testified at two additional hearings on November 8, 2016 and May 17, 2017. (R. at 48–61, 62–79.) The ALJ denied Plaintiff's claim on September 22, 2017. (R. at 2647–81.) That decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 2682–88.) Plaintiff filed an appeal with the District Court, and her claim was remanded pursuant to a stipulated motion for remand filed by Defendant on July 30, 2018. (R. at 2689–709.) On March 21, 2019, Plaintiff appeared and testified at another hearing before an ALJ. (R. at 2579, 2613–41.) On April 2, 2019, the ALJ issued a partially favorable decision, finding Plaintiff disabled from April 1, 2013 through December 23, 2016, but not disabled from December 24, 2016 through the date of the decision. (R. at 2596.) The April 2, 2019 decision is the subject of the present appeal.

The Court has reviewed the evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical evidence and opinions, the ALJ found that from April 1, 2013 through December 23, 2016, Plaintiff had the following severe impairments: cervical and thoracic dystonia, obesity, history of carpal tunnel syndrome status post carpal tunnel surgery, De Quervains of the right arm, degenerative changes of the lumbar spine, anxiety disorder, and depressive disorder. (R. at 2583.) The ALJ further determined that from April 1, 2013 through December 23, 2016, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with some exceptions such that she was disabled under the Act. (R. at 2585–90.) The ALJ did not clarify whether any of Plaintiff's impairments remained severe after December 23, 2016. Nevertheless, the ALJ found that beginning on December 24, 2016, Plaintiff had the RFC to perform a full range of sedentary work, including her past relevant work as a mortgage loan processor. (R. at 2593–96.) Accordingly, the ALJ determined that Plaintiff was not disabled under the Act from December 24, 2016 through

the date of the decision. (R. at 2596.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III.    ANALYSIS

Plaintiff raises two issues for the Court's consideration: (1) the ALJ erred by rejecting the opinion of Plaintiff's treating physician assistant ("PA"); and (2) the ALJ erred by discounting Plaintiff's symptom testimony.[*] (Pl. Br. at 1.) Defendant agrees that the ALJ committed reversible error but moves the Court to remand this matter for further proceedings so that the ALJ may reevaluate the opinion evidence, obtain additional clarifying evidence, and resolve outstanding conflicts in the record. (Mot. at 4, 6.) In response, Plaintiff argues that remand for computation of benefits is appropriate because the record has been fully developed and the improperly rejected evidence, if credited as true, establishes that Plaintiff is precluded from all work activity. (Resp. at 4–5.) The Court has reviewed the record in its entirety and agrees with Plaintiff that remand for computation

---

[*] Defendant does not clearly concede that the ALJ erred in rejecting Plaintiff's symptom testimony. However, Defendant does not expressly defend the ALJ's alleged error. The Court need not address this issue because Plaintiff's first argument is dispositive, but notes that an improper rejection of symptom testimony alone is sufficient to establish that a claimant is entitled to benefits. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 & n.12 (9th Cir. 2007).

of benefits is the appropriate remedy.

The credit-as-true rule, which would result in a remand of Plaintiff's case for computation of benefits, applies if three elements are present. *See Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099–102 (9th Cir. 2014). First, the ALJ must have failed to provide legally sufficient reasons for rejecting the evidence. *Id.* at 1100. Second, the record must be fully developed such that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all three elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

The first element of the credit-as-true rule is satisfied. Defendant concedes that the ALJ erred in evaluating the opinion evidence of record, including a 2016 assessment by Plaintiff's treating PA, Kurt Giles. (Mot. at 4.) As to the second element, the Court disagrees with Defendant that outstanding issues remain to be resolved regarding this opinion. The vocational expert's testimony shows that proper consideration of this opinion would have resulted in a finding of disability. (R. at 2639, 2661–62.) Additionally, Defendant does not identify any actual conflicts or ambiguities in the record that require further consideration. For example, Defendant argues that medical expert testimony from Dr. John Francis Kwock contradicts PA Giles's assessment. (Mot. at 9.) However, as Plaintiff points out, the ALJ determined that Plaintiff has greater limitations than Dr. Kwock assessed and did not reference it in the decision. (Resp. at 2.) Accordingly, the Court does not find that Dr. Kwock's testimony presents an unresolved conflict in the record.

The Court also finds that the third element is met. Defendant argues that Plaintiff's purported medical improvement, conservative treatment, and "benign" objective records

from December 24, 2016 through the date of the decision conflict with the opinion evidence and a finding of disability. (Mot. at 6–9.) The Court disagrees. For example, though treatment records reflect that Plaintiff experienced some improvement from injections and pain medication, she often noted it was only temporary and continued to report ongoing pain. (R. at 2486, 2554, 2933, 2938, 3008, 3017, 3119–21, 3123.) Plaintiff's reports of temporary improvement are consistent with supplemental testimony from PA Giles that Plaintiff did not receive long-lasting or permanent relief from her treatments. (R. at 55.) Moreover, isolated instances of partial or temporary improvement do not constitute substantial evidence to contradict a medical provider's opinion or a claimant's symptom testimony. *See Garrison*, 759 F.3d at 1014. Additionally, Defendant cites "conservative" treatment and "benign" clinical findings beginning December 24, 2016, but does not explain how they differ from the evidence prior to that date. Without further explanation, it is unclear whether evidentiary conflicts remain.

In sum, all three elements of the credit-as-true rule are satisfied. Additionally, the Court has reviewed the entire record, and though it does not confirm beyond all doubt that Plaintiff's impairments prevent her from working, it also does not bring into serious doubt that Plaintiff was disabled through the date of the decision. *See id.* at 1023.

Finally, remand for benefits is the appropriate remedy in this case. Defendant requests additional proceedings, in part, so the ALJ can "reevaluate the medical and non-medical evidence of record." (Mot. at 4.) In other words, the SSA seeks an additional opportunity to do what it was required to the first time around—develop the record, consider the evidence, and resolve conflicts. *See Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) ("The ALJ always has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered[.]") (citation omitted). The SSA has had multiple opportunities to properly adjudicate Plaintiff's claim, and additional proceedings "would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Accordingly, the Court remands Plaintiff's claim for computation of benefits

through April 2, 2019.

**IT IS THEREFORE ORDERED** reversing the April 2, 2019 decision of the Administrative Law Judge.

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close the case.

Dated this 14th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge