**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Jefferies, | No. CV-19-02381-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff's counsel, Kathryn Dicus, filed a Motion for Award of Attorney's Fees under 42 U.S.C. § 406(b) (the "Motion"). (Doc. 23.) For the reasons discussed herein, the Court denies the Motion without prejudice.

## I.

In a previous Order, the Court reversed an Administrative Law Judge's partial denial of Plaintiff's application for Disability Insurance Benefits and remanded the matter to the Social Security Administration for a calculation of benefits. (Doc. 17.) The Court then ordered a payment of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 20.) Ms. Dicus now seeks attorney's fees for her representation of Plaintiff in federal court under 42 U.S.C. § 406(b). (Doc. 23.) Although the Commissioner is not a party to the contingency-fee agreement between Ms. Dicus and Plaintiff (the "Agreement"), the Commissioner raises a valid concern, alleging that Ms. Dicus "did not submit proof that she served the Motion and all Motion-related documents on Plaintiff." (Doc. 26 at 4); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (noting that the

1   Commissioner "has no direct financial stake in the answer to the § 406(b) question" but
2   "plays a part in the fee determination resembling that of a trustee for the claimants").
3   Ms. Dicus did not file a Reply.

4                                                     II.

5          Under § 406(b), the Court may allow "a reasonable fee for [] representation, not in
6   excess of 25 percent of the . . . past-due benefits" awarded to a claimant. 42 U.S.C.
7   § 406(b)(1)(A). Because the fee is paid "out of, and not in addition to," the claimant's past-
8   due benefits, *id.*, a motion for fees under § 406(b) must contain "[a] statement" showing
9   that counsel sent a copy of the motion to the claimant. 20 C.F.R. § 404.1725(a)(7). When
10  evaluating applications under § 406(b), courts within the Ninth Circuit have required proof
11  of service on the plaintiff. *E.g.*, *Joshua C. v. Saul*, No. SACV 15-1192-KK, 2019 WL
12  4238892, at *1 (C.D. Cal. June 27, 2019) (denying counsel's motion for fees under
13  § 406(b) without prejudice because counsel did not serve the plaintiff with the motion);
14  *Holder v. Astrue*, No. CIV 05-3521-PHX-RCB, 2009 WL 1363538, at *4 (D. Ariz. May 7,
15  2009) (refusing to consider the merits of counsel's motion under § 406(b) until counsel
16  served the plaintiff with a renewed motion for attorney's fees). Courts recognize that "[i]n
17  the vast majority of cases there will undoubtedly be no disagreement between" a claimant
18  and her attorney as to fees under § 406(b). *See Robinson v. Sec'y of Health, Educ. &*
19  *Welfare*, 456 F. Supp. 876, 878 (E.D. Mich. 1978). Nevertheless, "[b]asic fairness requires
20  that when an attorney claims to be entitled to money that would otherwise go to that
21  attorney's client, the attorney should be required to notify the client of the claim." *Id.*

22         Here, Ms. Dicus did not submit proof of service of the Motion on Plaintiff.
23  (Doc. 26.) The Certificate of Service only indicates electronic filing upon the
24  Commissioner's local and regional counsel. (Doc. 23–1 at 10.) Ms. Dicus provided the
25  Court with copies of the Agreement and the Notice of Award issued to Plaintiff. (Doc. 23–
26  3 at 1–6; Doc. 23–4 at 1.) Those documents advised Plaintiff of the possibility of a fee
27  award from Plaintiff's past-due benefits, but, to the Court's knowledge, Plaintiff has not
28  been advised that Ms. Dicus is, in fact, requesting the Court to approve a fee payment.

Thus, in the interest of fairness, the Court will deny the Motion without prejudice. If Ms. Dicus files a renewed motion for fees under § 406(b), Ms. Dicus must submit proof that she served Plaintiff with the renewed motion for attorney's fees, any supporting memorandum of law, and all necessary supporting documentation, including a copy of the Agreement. *See Holder*, 2009 WL 1363538 at *4.

III.

Accordingly,

**IT IS ORDERED denying** the Motion (Doc. 23) **without prejudice**. This denial does not preclude Ms. Dicus from filing a renewed motion for attorney's fees under § 406(b) that complies with the requirements outlined in this Order.

Dated this 9th day of February, 2021.

Michael T. Liburdi
United States District Judge