**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Jefferies, | No. CV-19-02381-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff's counsel, Kathryn Dicus, filed a renewed Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (the "Motion"). (Doc. 28.) The Court now rules.

I.

In a previous Order, the Court reversed an Administrative Law Judge's partial denial of Plaintiff's application for Disability Insurance Benefits and remanded this matter to the Social Security Administration for a calculation of benefits. (Doc. 17.) The Court subsequently ordered a payment of $4,250.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), pursuant to the parties' stipulation. (Docs. 19–20.) Ms. Discus then moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 23.) Because Ms. Dicus did not submit proof of service of that motion on Plaintiff, the Court denied her initial request without prejudice. (Doc. 27.) Ms. Dicus now renews her request for attorney's fees under § 406(b), with proof that she sent the pending Motion to Plaintiff by certified mail. (Doc. 28; Doc. 28–3.) Ms. Dicus seeks $11,992.50 in attorney's fees for representing Plaintiff on a contingent-fee basis. (Doc. 28 at 1.)

II.

Attorneys who successfully represent Social Security benefits claimants can recover fees under § 406(b) of the Social Security Act. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that when "a court renders a judgment favorable to a claimant . . . who was represented . . . by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." *Id.* The fee is paid "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* The Act's 25% statutory cap on the fee does not preclude attorneys and claimants from entering into contingent-fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Courts [must] approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808. District courts may properly reduce the amount requested under a contingent-fee agreement for "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc). The burden rests on the attorney to "show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. If a claimant's attorney receives fees under both the EAJA and § 406(b) of the Social Security Act, the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation and alteration omitted).

III.

Having reviewed Plaintiff's contingent-fee agreement with Ms. Dicus, the Court finds the attorney's fees requested under § 406(b) to be reasonable. Plaintiff contracted to pay 25% of past-due benefits on a contingent-fee basis. (Doc. 28–5.) Ms. Dicus requests $11,992.50, the amount withheld from Plaintiff's past-due benefits, in attorney's fees. (Doc. 23–3 at 3.) Her itemization of services indicates 21.3 hours of services rendered, equaling an hourly fee of $563.03. (Doc. 28–4.) Ms. Dicus successfully convinced the Court to remand Plaintiff's case to the Social Security Administration for an award of benefits. There is no indication of substandard performance or undue delay by Ms. Dicus in prosecuting Plaintiff's case. *Crawford*, 586 F.3d at 1151. There is also no indication of

"fraud or overreaching in the making of the 25% contingent-fee agreement[ ]." *Id.* And Ms. Dicus's requested hourly rate is within the range of fees that have been approved by the Ninth Circuit. *See id.* at 1153 (approving fees equaling $519, $875, and $902 per hour). The Court therefore concludes that an award of fees of $11,992.50 is reasonable. The Court will grant Ms. Dicus's renewed Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 28) and award $11,992.50 in fees, which shall be payable to Ms. Dicus. Because Plaintiff was also awarded EAJA fees, (Doc. 20), Plaintiff's counsel must refund the lesser of the two fee awards to Plaintiff. *See Gisbrecht*, 535 U.S. at 796.

IV.

Accordingly,

**IT IS ORDERED granting** the Amended Plaintiff's Attorney's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 28) in the amount of $11,992.50.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 24th day of February, 2021.

Michael T. Liburdi
United States District Judge